UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL NO. 15-13543-RWZ

KATHERINE FROST

v.

KELLY SERVICES, INC.

ORDER

September 27, 2016

ZOBEL, S.D.J.

Defendant Kelly Services, Inc. ("Kelly") hired plaintiff Katherine Frost ("Frost") in July 2014 and assigned her to work at McGraw Hill Financial, Inc. ("McGraw Hill") shortly thereafter. In late September 2014, Frost took some time off to seek an abuse prevention order against a former boyfriend who was incarcerated at the time. McGraw Hill later learned that this former boyfriend had been released from custody, knew where plaintiff worked, possessed firearms, and had threatened to kill people including plaintiff. Based on this information, McGraw Hill ended Frost's assignment for her safety and for that of its other employees, and Kelly later approved that action. Since then, Frost has not sought any other assignment through Kelly, although she remains eligible to apply.

On August 19, 2015, Frost filed the present suit against Kelly and McGraw Hill in

Haverhill District Court claiming breach of contract, wrongful termination, and a violation of Mass. Gen. Laws ch. 149, § 52E.  Defendants removed to this court and, after discovery, filed the present motion for summary judgment.  Docket # 28.  Since the motion was filed, the parties have stipulated to dismiss McGraw Hill from the case.  Docket # 36.  Thus, the only matter remaining is Kelly's motion for summary judgment.  And since Kelly has not raised any challenge to plaintiff's claims based on its status as a type of staffing agency that assigned Frost to work at McGraw Hill, the court assumes that it is a proper defendant.  Indeed, according to the agreement between Kelly and plaintiff (Docket # 30-2), Kelly was her employer.

I.      **Legal Standard**

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  "An issue is 'genuine' for purposes of summary judgment if the evidence is such that a reasonable jury could return a verdict for the nonmoving party, and a 'material fact' is one which might affect the outcome of the suit under the governing law."  Poulis-Minott v. Smith, 388 F.3d 354, 363 (1st Cir. 2004) (citations and internal quotations omitted).  In considering whether or not a genuine issue of material fact exists, the court "must view the evidence in the light most favorable to the opposing party."  Tolan v. Cotton, 134 S. Ct. 1861, 1866 (2014).  "In order to defeat a motion for summary judgment, the nonmovant may not rest upon some combination of conclusory allegations, improbable inferences, and unsupported speculation, but must instead present definite, competent evidence to rebut the motion."  Advanced Flexible Circuits,

2

Inc. v. GE Sensing & Inspection Techs. GmbH, 781 F.3d 510, 516 (1st Cir. 2015).

## II. Analysis

### A. Timeliness of Frost's Claims

Kelly contends that plaintiff's claims are untimely. As support, it relies on the employment agreement that Frost signed in which she "agree[d] to bring any claims that [she] may have against Kelly within 300 days of the day that [she] knew, or should have known, of the facts giving rise to the cause of action." Docket # 30-2, at KSI 4. The employment action about which plaintiff complains is the September 26, 2014 termination of her assignment at McGraw Hill. She brought this lawsuit on August 19, 2015 – almost 30 days after the expiration of the limitations period stated in the employment agreement. Therefore, plaintiff's claims are untimely if the agreement's shortening of the statute of limitations is valid.

Under Massachusetts law, parties may contractually agree to limitations periods shorter than the statute of limitations, provided they are reasonable. Creative Playthings Franchising, Corp. v. Reiser, 978 N.E.2d 765, 769 (Mass. 2012). What constitutes a reasonable time period "will vary according to the type of contract, the circumstances in which a given agreement is reached, and the particular provisions of that agreement." Id. A contractual reduction of a limitations period "that is unreasonable or not subject to negotiation by the parties, such as in a contract of adhesion, will be unenforceable." Id. There is no evidence that requiring an employee to bring claims within 300 days is unreasonable – particularly since Massachusetts law requires employees to bring discrimination claims within 300 days. See Mass. Gen.

Laws ch. 151B, § 5. However, because Frost was unlikely to be in a position to negotiate when signing the contract, the enforceability of the limitations period is at least questionable. Nevertheless, the court need not decide this issue because, as explained below, the claims fail on substantive grounds.

### B. Count I – Breach of Contract

"Under Massachusetts law, a breach of contract claim requires the plaintiff to show that (1) a valid contract between the parties existed, (2) the plaintiff was ready, willing, and able to perform, (3) the defendant was in breach of the contract, and (4) the plaintiff sustained damages as a result." Bose Corp. v. Ejaz, 732 F.3d 17, 21 (1st Cir. 2013). Frost testified that she understood that she was an at-will employee of Kelly, assigned to McGraw Hill. Docket # 30-1, at 23:3-24:2; Docket # 30-2, KSI 4. "It is well-settled in Massachusetts, subject to limited exceptions for violations of public policy or to prevent unjust enrichment to an employer, that an at-will employee cannot succeed on a breach of contract claim arising from a change in the terms and conditions of her employment." Merricks v. Savers, Inc., No. CIV.A. 11 10956 DJC, 2012 WL 32579, at *5 (D. Mass. Jan. 6, 2012). Because there is no allegation of unjust enrichment, only a violation of public policy could save plaintiff's breach of contract claim. However, as explained below in the analysis of Count II, a claim for wrongful termination in violation of public policy is only available in narrow circumstances – none of which is applicable here. See also Gram v. Liberty Mut. Ins. Co., 429 N.E.2d 21, n.6 (Mass. 1981).

Nor does the McGraw-Hill Tenure Policy Acknowledgment provide a basis for a valid breach of contract claim. It provides that "[t]emporary employees may not work at

4

McGraw-Hill for more than a 12-month period" and that "[o]nce the 12-month tenure has been reached, the current assignment will end." Docket # 33-1. It does not guarantee employment for a certain period of time or otherwise constitute an employment contract between the parties. See id. And in any event, Kelly is not a party to this agreement, and McGraw Hill is no longer a defendant in this case. Summary judgment is allowed as to Count I.

C. Count II – Wrongful Termination in Violation of Public Policy

The public policy doctrine provides a remedy for an at-will employee who is terminated contrary to a well-defined public policy. DeRose v. Putnam Mgmt. Co., Inc., 496 N.E.2d 428, 431 (Mass. 1986). Redress under this doctrine is available in narrow circumstances – for employees who are terminated for asserting a legally guaranteed right, for doing what the law requires, or for refusing to do that which the law forbids. Smith-Pfeffer v. Superintendent of the Walter E. Fernald State Sch., 533 N.E.2d 1368, 1371 (Mass. 1989); DeRose v. Putnam Mgmt. Co., Inc., 496 N.E.2d 428, 431 (Mass. 1986). Plaintiff does not contend that she was terminated for doing something the law requires or for refusing to do something the law forbids. She instead argues that she was terminated for seeking and obtaining a restraining order which, in her view, is a legally guaranteed right as contemplated under this doctrine.

As Kelly notes, "[]the public policy exception is interpreted narrowly to prevent conversion of the general rule into a rule that requires just cause to terminate an at-will employee." Mercado v. Manny's T.V. and Appliance, Inc., 928 N.E.2d 979, 983 (Mass. App. Ct. 2010) (internal citation and quotation omitted). Thus, the exception "does not

5

protect all employee acts that are appropriate or socially desirable." Acher v. Fujitsu Network Commc'ns, Inc., 354 F. Supp. 2d 26, 29 (citing Smith-Pfeffer, 533 N.E.2d 1368) (internal quotations omitted). The type of legally guaranteed right contemplated by this doctrine is, for example, filing a worker's compensation claim. Smith-Pfeffer, 533 N.E.2d at 1371. The parties cite no authority, and the court finds none, that supports extending this doctrine to protecting employees who seek restraining orders – although such conduct is undoubtedly socially desirable. As Kelly articulates (Docket # 29, at 7), such a policy could put employers in a difficult position in terms of ensuring the safety of all of their employees. And in any event, as explained below in the analysis of Count III, there is no evidence that McGraw Hill or Kelly ended Frost's assignment because she obtained the protective order. Rather, she was terminated because of the perceived threat her former boyfriend posed to her and other employees. Summary judgment is allowed as to Count II.

### D. Count III – Violation of Mass. Gen. Laws ch. 149, § 52E

Massachusetts law requires an employer to permit an employee to take a certain amount of leave to seek or obtain a protective order. Mass. Gen. Laws ch. 149, § 52E(b)(ii). Plaintiff concedes that Kelly complied with this statute by "allowing her time off work to obtain an abuse prevention order." Docket # 32, at 3. However, she contends that Kelly is liable because it used information relating to her protective order to terminate her assignment at McGraw Hill. Id. at 4. This, she says, violates the statute's provision that "[n]o employer shall discharge or in any other manner discriminate against an employee for exercising the employee's rights under this

section." Mass. Gen. Laws ch. 149, § 52E(i). The problem for plaintiff is that there is no evidence that her assignment was terminated because she took time off to obtain the restraining order. Instead, the evidence shows that McGraw Hill ended her assignment out of concern for her safety and that of its other employees. See, e.g., Docket # 30-3, at 27-28. Because Frost has not presented any evidence to suggest that McGraw Hill and Kelly's stated reason is pretextual – to cover up a real reason that violates the statute – summary judgment is allowed as to Count III.

### III. Conclusion

The motion for summary judgment (Docket # 28) is ALLOWED. Judgment may be entered for Kelly Services, Inc.

    September 27, 2016                                    /s/Rya W. Zobel
               DATE                                                         RYA W. ZOBEL
                                                                      SENIOR UNITED STATES DISTRICT JUDGE